UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>   )<br>   )<br>     v.   )   Criminal No. 24-CR-10135-AK<br>   )<br>CARLOS MUNOZ BEDOYA,   )<br>               Defendant.   ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**KELLEY, D.J.**

WHEREAS, on May 9, 2024, a federal grand jury sitting in the District of Massachusetts returned a three-count Indictment charging defendant Carlos Munoz Bedoya (the "Defendant") with Unlawful Transfer of a Document or Authentication Feature, Aiding and Abetting, in violation of 18 U.S.C. §§ 1028(a)(2) and (b)(1)(A) and (2) (Counts One and Two), and Possession with Intent to Use or Transfer Fiver or More Documents or Authentication Features, in violation of 18 U.S.C. § 1028(a)(3) (Count Three);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. §§ 982(a)(2)(B), 1028(b)(5) and (h), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of any offenses alleged in Counts One through Three of the Indictment, of any personal property used, or intended to be used, to commit, the offenses and all illicit authentication features, identification documents, document-making implements, or means of identification.   Such property specifically included, without limitation:

1

   (a) $931 in United States currency

(the "Currency");

  WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets described in Paragraph 2 above, pursuant to Title 18, United States Code, Sections 982(b)(2) and 1028(g), each incorporating Title 21, United States Code, Section 853(p);

  WHEREAS, on August 14, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three of the Indictment.;

  WHEREAS, the United States seeks the forfeiture of the Currency and, as noted in the Government's Sentencing Memorandum, the Defendant has no objection to that forfeiture. The Defendant therefore consented to the forfeiture of all of his interests in the Currency;

  WHEREAS, in light of the Defendant's guilty plea and lack of objection to the forfeiture of the Currency, the United States has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty, and accordingly, the Currency is subject to forfeiture to the United States pursuant to <u>18 U.S.C. § 982(a)(2)(B)</u>;

  WHEREAS, pursuant to <u>18 U.S.C. § 982(a)(2)(B))</u> and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of

Forfeiture against the Currency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.	The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Currency and the offenses to which the Defendant pled guilty.

2.	The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.	Accordingly, all of Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 982(a)(2)(B).

4.	Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Currency and maintain it in its secure custody and control.

5.	Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by Title 18, United States Code, Sections 982(b)(2)), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Currency.

6.	Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by Title 18, United States Code, Sections 982(b)(2), the United States shall give to the extent practicable, direct written notice to any person known to have alleged an interest in the Currency to be forfeited.

7.	Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by Title 18, United States Code, Sections 982(b)(2), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Currency, shall, within sixty (60) days after

the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Currency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Currency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Currency, any additional facts supporting the petitioner's claim, and the relief sought.

8.Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by Title 18, United States Code, Sections 982(b)(2) , following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Currency.

9.Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to Title 18, United States Code, Section 982(b)(2) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Angel Kelley
**ANGEL KELLEY**
United States District Judge

Dated: 11/27/2024